IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ARCHIE L. WILKERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:11cv83-WC |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

## I.    INTRODUCTION

Plaintiff, Archie L. Wilkerson, applied for disability insurance benefits under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-33 and 1381-83c, respectively.  His application was denied at the initial administrative level.  Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ issued a decision in which she found Plaintiff not disabled from the alleged onset date.  The Appeals Council rejected Plaintiff's request for review of the ALJ's decision.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir.

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

1986).  The case is now before the Court for review under 42 U.S.C. § 405(g).  Pursuant to

28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry

of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to

Jurisdiction (Doc. #8); Def.'s Consent to Jurisdiction (Doc. #9).  Based on the Court's review

of the record and the briefs of the parties, the Court AFFIRMS the decision of the

Commissioner.

## II.    STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the

person is unable to

> engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to result
> in death or which has lasted or can be expected to last for a continuous period
> of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential

evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific
> impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of
> Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or
psychological abnormalities which are demonstrable by medically acceptable clinical and
laboratory diagnostic techniques.

An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004).  A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4.  At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform.  *Id.*

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC).  *Id.* at 1238-39.  RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence.  *Id.*  It also can contain both exertional and nonexertional limitations.  *Id.* at 1242-43.  At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform.  *Id.* at 1239.  To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE).  *Id.* at 1239-40.

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases.  *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240.  Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one.  This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence.").  A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings.  . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-seven years old on the alleged disability onset date.  Tr. 18. Plaintiff completed the tenth grade and had past relevant work experience was as a laborer at a chicken farm.  Tr. 18 & 131.  Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had not engaged in substantial gainful activity during the period from the alleged onset date of April 22, 2007.  (Step 1) Tr. 11.  At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "polyarthropathy, diabetes mellitus and hypertension." Tr. 11.  The ALJ then found that "the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments . . . ."  (Step 3) Tr. 13.  Next, the ALJ found that Plaintiff "had the residual functional capacity to perform the full range of light work."  Tr. 26.  The ALJ then found that Plaintiff had the RFC to:  perform unskilled, sedentary work; lift/carry 20 pounds occasionally and 10 pounds frequently; sit 6 to 8 hours during an 8-hour workday; stand 2 hours during an 8-hour workday; be occasionally exposed to extreme heat, humidity, and wetness; and must be allowed to alter position every 2 hours.  (Step 4) Tr. 14. The ALJ then found that Plaintiff is unable to perform his past relevant work.  (Step 4) Tr. 18. The ALJ next found that, "[c]onsidering the claimant's age, education, work experience, and [RFC]," and after consulting with a vocational expert, "there are jobs that exist in significant numbers in the national economy that the claimant can perform."  Tr. 19.  The

ALJ identified the following occupations as examples: "dresser," "surveillance system monitor," and "order clerk." Tr. 29. Accordingly, the ALJ determined that Plaintiff "has not been under a disability . . . from April 22, 2007, through the date of this decision." Tr. 20.

## IV.    PLAINTIFF'S CLAIMS

Plaintiff presents three issues for this Court's consideration in review of the ALJ's decision: (1) whether "the ALJ failed to properly apply the two part pain standard[;]" (2) whether "the ALJ misstated the opinion of a State Agency Consultant and then afforded it weight in her decision[;]" and (3) whether "the ALJ erred in evaluating the credibility of [Plaintiff's] statements in that she mischaracterized [Plaintiff's] testimony, as well as the medical evidence of record." Pl.'s Brief (Doc. #13) at 6. The Court will address Plaintiff's first and third issues together since they involve much of the same arguments.

## V.    DISCUSSION

### A.    *Whether the ALJ failed to properly apply the two part pain standard and whether the ALJ properly evaluated Plaintiff's statements.*

Plaintiff claims "the ALJ failed to properly apply the two part 'pain standard.'" Pl.'s Brief (Doc. #13) at 6. He argues that "the record is replete with evidence" in support of his subjective complaints of pain. *Id.* at 8. He then summarizes much of the medical evidence and argues that the treatments he received for those impairments support his testimony regarding pain. *Id.* at 8-9. Plaintiff claims the ALJ erred when she found that Plaintiff's

medically determinable impairments could reasonably be expected to produce the alleged symptoms, but "fail[ed] to find that [Plaintiff's] objectively determined medical condition are of such a severity that they can reasonably be expected to give rise to the alleged pain." *Id*. at 10.

The Court of Appeals for the Eleventh Circuit has articulated its "pain standard," governing the evaluation of a claimant's subjective testimony about pain, as follows:

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). The ALJ evaluates the "claimant's subjective testimony of pain" only after the claimant satisfies the first and one of the alternate portions of the second prong of the pain standard. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Eleventh Circuit has also held that, "in certain situations, pain alone can be disabling, even when its existence is unsupported by objective evidence." *Id.* at 1561. Importantly, it is only evidence of the underlying condition which could reasonably be expected to cause pain, not evidence of actual pain or its severity, which must be presented by the claimant to satisfy the "pain standard." *Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991); *see also Foster v. Heckler*, 780 F.2d 1125, 1129 (4th Cir. 1986); *Hill v. Barnhart*, 440 F. Supp. 2d 1269, 1272-73 (N.D. Al. 2006) (quoting *Elam*, 927 F.2d

at 1215).  Where the ALJ proceeds to consider the claimant's subjective testimony about pain, the ALJ's decision to reject or discredit such testimony is reviewed for substantial evidence.  *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992).  Finally, if the ALJ determines to discredit subjective pain testimony and such testimony is crucial to the claimant's assertion of disability, the ALJ "must articulate specific reasons for questioning the claimant's credibility."  *Id.*

The problem with Plaintiff's argument is that he claims error by the ALJ for failing "to find that [Plaintiff's] objectively determined medical condition are of such a severity that they can reasonably be expected to give rise to the alleged pain," shortly after reciting the ALJ's determination that Plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms."  Pl.'s Brief (Doc. #13) at 10.  In other words, the ALJ did find that Plaintiff met the threshold of the pain standard and proceeded to evaluate Plaintiff's subjective complaints of pain.

The ALJ rejected Plaintiff's complaints based on the objective medical evidence and Plaintiff's own testimony.  Thus, the ALJ properly articulated her basis for discrediting Plaintiff's testimony. *Marbury*, 957 F.2d at 839.  The Court reviews the ALJ's decision to determine whether it is supported by substantial evidence.  The evidence pointed to by the ALJ in her decision was the lack of any "credible treating or consultive physician" to have opined that Plaintiff "was disabled because of any physical and/or mental condition or from any resulting symptoms."  Tr. 16.  The ALJ noted that "[n]othing in the record suggests that

8

[Plaintiff's] physical impairments have been incapable of being alleviated or controlled with the proper and regular use of prescription medications." Tr. 17.

The ALJ also relied on Plaintiff's testimony regarding his "ability to engage in a wide array of activities of daily living." *Id.* The ALJ did not "totally discount the fact that [Plaintiff] may occasionally experience some degree of pain or discomfort," but took that into account when determining Plaintiff's RFC. *Id.* Plaintiff takes issue with the ALJ's reliance on Plaintiff's testimony about his daily activities. Pl.'s Brief (Doc. #13) at 14. Plaintiff argues that the ALJ took an inconsistent and incomplete view of Plaintiff's testimony regarding his daily activities and about his abilities. *Id.* Plaintiff points to the portion of the ALJ's decision regarding his daily activities but argues that the ALJ failed to mention the activities Plaintiff testified he was unable to perform. *Id.* Plaintiff's argument here fails for two reasons. First, the ALJ does discuss Plaintiff's testimony regarding his inability to engage in certain daily activities. Tr. 15 (where ALJ discusses Plaintiff's testimony that he does not cook, clean, or do any shopping). Second, the ALJ did not base her determination on Plaintiff's ability to perform *all* daily activities. Rather, the ALJ pointed to Plaintiff's testimony regarding some of his daily activities and determined that it was inconsistent with his subjective complaints of pain. Tr. 17. The Court has reviewed the testimony and agrees with the ALJ's determination.

It is clear to this Court that the ALJ properly applied the pain standard of this Circuit and articulated her reasons for discounting Plaintiff's subjective complaints of disabling pain.

9

Further, the ALJ set forth the basis for the determination and the determination was supported by substantial evidence. Accordingly, this Court will not disturb that finding.

      **B.**    ***Whether the ALJ misstated the opinion of a State Agency Consultant and then afforded it weight.***

Plaintiff argues that the ALJ failed to properly evaluate the opinions of state agency consultants. Pl.'s Brief (Doc. #13) at 10. Specifically, Plaintiff argues that it was error for the ALJ to give more weight to State Agency Consultant Dr. Banner than Plaintiff's treating physicians, doctors Dyess and Kirocofe. *Id*. at 11-12. Plaintiff challenges whether the ALJ could have relied more heavily on Dr. Banner because SSR 96-6p requires a medical report be a part of a consultive review of the medical record before the ALJ can give greater weight to a consultive physician's opinion, and "[t]he record in this matter contains no such report." *Id*. at 11.

As the government rightly points out:

> Plaintiff (in his brief at page 11) misidentifies Dr. Banner as a "State Agency Consultant." State agency medical consultants are nonexamining physicians and psychologists who review the medical record at the initial and reconsideration levels of the administrative review process. See SSR 96-6p, 1996 WL 374180, at *2. Dr. Banner [ . . . ] was a consultative examining physician.

Def.'s Brief (Doc. #14) at 11. Because Dr. Banner was a consultive examining physician and not a nonexamining state agency consultant, Plaintiff's argument is without merit.

To the extent Plaintiff argues error in the ALJ's decision to discount the opinions of

the treating physicians and instead rely on Dr. Banner's opinion, again, the Court finds no error.  When confronted with the opinion of a claimant's treating physician, the ALJ must afford it substantial and considerable weight unless "good cause" is shown to the contrary. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004); *see also Bliss v. Comm'r of Soc. Sec.*, 254 F. App'x 757, 758 (11th Cir. 2007) ("An ALJ may reject the opinion of a treating physician, which ordinarily receives substantial weight, where 'good cause' is established.").  "'[G]ood cause' exists when the:  (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004).  "Where the ALJ articulated specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence," a reviewing court may not "disturb the ALJ's refusal to give the opinion controlling weight."  *Carson v. Comm'r of Soc. Sec.*, 2008 WL 4962696 at *1 (11th Cir. Nov. 21, 2008).  "The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error."  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *see also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (holding that the ALJ "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight").  Here, the ALJ articulated her reasons for giving little weight to the opinions of Plaintiff's treating physicians.  The ALJ pointed to the doctors' opinions regarding the

11

ultimate issue of disability and properly noted that such decisions were reserved for the Commissioner.  Tr. 16;  *See* 20 C.F.R. § 404.1527(e); *see also, Lanier v. Comm'r of Soc. Sec.*, 252 F. App'x 311, 314 (11th Cir. 2007).   The ALJ then explained that doctors Dyess's and Kirocofe's opinions were inconsistent with their own treatment records and the other medical records of evidence.  Tr. 16.  Specifically, the ALJ discussed Dr. Dyess's diagnosis of polyarthropathy, but that the lab tests were negative for antinuclear antibodies and rheumatoid arthritis factor.  *Id.*  The ALJ also discussed the doctors' ongoing treatment notes of Plaintiff and his condition.  *Id.*  Considering the treatment notes and lab reports, the ALJ determined that the doctors' opinions as to Plaintiff's limitations were not fully credible.  *Id.*

After reviewing the medical evidence of record, including the opinions and treatment notes of Plaintiff's treating physicians, the Court finds that the ALJ did provide good cause for assigning little weight to the opinions of Plaintiff's treating physicians and the ALJ's decision was supported by substantial evidence.

## VI.   CONCLUSION

The Court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED.  A separate judgment will issue.

12

Done this 12th day of January, 2012.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE